Gabino VAZQUEZ–AVILA; Juana Ortiz–Montalvo, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2007.

Filed Aug. 31, 2007.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Gabino Vazquez–Avila and Juana Ortiz–Montalvo, natives and citizens of Mexico,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b). Vazquez also petitions for review of the Administrative Appeals Office's ("AAO") denial of his Special Agricultural Worker ("SAW") application under 8 U.S.C. § 1160. We have jurisdiction pursuant to 8 U.S.C. §§ 1160(e)(3)(A), 1252(a)(2)(D), and we deny each petition.

■ The BIA correctly denied Ortiz's application for cancellation of removal because Ortiz had not "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [her] application." 8 U.S.C. § 1229b(b)(1)(A). She entered the United States in 1993 and received a notice to appear before an Immigration Judge ("IJ") in 2000. *Garcia–Ramirez v. Gonzales,* 423 F.3d 935, 937 n. 3 (9th Cir. 2005) ("[A]n alien's accrual of physical presence time ends when removal proceedings are commenced against the alien through service of a notice to appear before an IJ.").

■ We lack jurisdiction to entertain Vazquez's challenge to the BIA's affirmance of the IJ's discretionary hardship determination, which, although couched in constitutional terms, is nothing more than an argument that the IJ abused its discretion in finding no "exceptional and extremely unusual hardship" in Vazquez's case. 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section ... 1229b ... of this title."); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

The AAO did not abuse its discretion when it reopened and denied Vazquez's SAW appeal. The AAO may sua sponte reopen and reconsider its decision on a SAW appeal at any time. 8 C.F.R. § 103.5(b). The AAO may deny a reopened appeal as untimely if it was not filed within 30 days of service of the Notice of Decision. 8 C.F.R. § 103.3(a)(3)(iv)(C). On June 16, 1992, the AAO served Vazquez with a Notice of Decision denying his SAW application by mailing it to his last known address. Vazquez's appeal, filed on May 10, 1993, was thus untimely.

Ortiz's "stays of voluntary departure and removal will expire upon issuance of the mandate." *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**Ortiz's Petition DENIED; Vazquez's Petition DISMISSED and DENIED.**